Judge Robertson,
delivered the opinion of the Court.
Higgerson Grubbs sold and conveyed to Elias Gully, fifty acres of land; the deed for which acknowledged the receipt (in the usual form)^ of $150, the consideration.
Several years after the date of the deed, Grubbs brought an action of assumpsit against Gully, for the consideration for the land.
On the general issue, there was a verdict for the defendant. A new trial was granted, on the affidavit of Grubbs, which stated that Crews, a witness summoned by him, and in attendance when the jury was sworn, and by whom he could prove that Gully had not paid the $150, had unexpectedly disappeared, so that he was deprived of the benefit of his testimony, &c.
In a subsequent trial, Grubbs obtained a verdict and judgment for $112, it being proved that $40 had been paid.
Defendant moved for.' now trial, and overruled. Exceptions.
Questions to be decided.
When the. contract of sale of land, is in writing, the consideration may be reserved by parol. The statute of frauds, does not apply.
Gully moved for a new trial. The court overruled his motion, to which he excepted. lie also excepted to the opinion of the court granting a new trial to Grubbs. The motion for a new trial, by Gully, was. based on supposed misinstructions by the court to the jury.
In revising the case, three questions are presented to this court.
1st. Could Grubbs maintain an action to recover the consideration for the sale of the land, without proving that the assumpsit was in writing; and when too, the assumpsit proved by him, was for a payment three years after the contract. In other words, does such a case come within the statute of frauds and perjuries?
2d. Is Grubbs estopped by the acknowledgement in his deed, from proving, by parol, that the $150 had. not been paid, but remained due, notwithstanding the deed?
3d. Was it right to. award to Grubbs,, on his affidavit, a new trial?
On the 1st question, we have, no doubt or difficulty. The statute of frauds and perjuries does not apply to. such a case as the first branch of this question. The contract of sale was reduced to writing conformably to. the statute. I,t was not necessary that the assumpsit for the price of the land should'be in writing. This, is not required to. he written. Besides, the statute has not been, construed to apply to executed contracts. Its expressions are “.contracts for the sale of land,”&c. Nor as to the' other branch, can that part of the statute apply with effect, which provides, that no suit shall be brought on any contract which, by its terms, is not to be performed within pne year from its date.
The statute does not vacate such, a contract, or declare it to be void. The. operation of the act is negative, not positive. It merely declares, that no suit shall be maintained to enforce such a contract. In such case, therefpre, as this, a suit could not be prosecuted successfully, qn the express contract. This is the only effect of the statute. The party is deprived of the advantage of enforcing his contract. But if the con-
An acknowledgement in a deed, of th® receipt of the consideration is only prima facie evidence of the payment, and may be explained, or contradicted. So far, a8 a deed creates a right, or extinguishes a title, the parties are estopped by it; but so far as it merely asserts a fact, or evidences a fact, independent of the right, and unessential to the title, it is not conclusive of suck fact.
tract be executed on one side, and the case be one from which the law will, “e® cequo et bono.” infer a contract pn the other, a spit may be maintained on the implied assumpsit. See Roberts vs. Tennell, 3 Monroe, 247, In a suit on the implied promise, proof of the express contract may he admissible for some purposes, although it could not be used as the basis of the action. For instance, as in this case, to show that the suit was or was not brought prematurely. Because, although an action cannot be prosecuted on the express parol contract to pay, three years after date; yet on the implied assumpsit, suit should not be brought until after the expiration of the three years; and therefore, for this purpose, and others for instance, to show the amount to be less than that claimed and attempted to be recovered, it would be allowable to prove the express contract.
The action in this case, was well conceived, and was not interdicted by the statute of frauds.
On the 2d proposition, the authorities are not so satisfactory; and therefore, we have not been so clear as on the first. The authorities on this subject in England, as well as in the states of this Union, are various and contradictory. But we believe that the consistent doctrine and that which accords best with analogy, and with the practice and understanding of mankind, is that an acknowledgement in a deed, of the receipt of the consideration, is only prima facie evidence of payment. The acknowledgement is inserted, more for the purpose of showing the actual amount of consideration than its payment; and it is generally inserted in deeds of conveyance, whether the consideration has been paid, or only agreed to be paid. If the consideration has not b.een paid, such an acknowledgement in a deed would be intended to mean, that the specified amount had been assumed by note or otherwise.
An ordinary receipt is not conclusive evidence of the facts attested by it. A separate receipt for the price of land, would, it seems to us, be much stronger evidence that the money had been paid, than the customary acknowledgement in the deed of conveyance. At ail events it should be as cogent. But it may he contradicted: why may not the other? An attention to *390 the principles on which parol testimony is admissible to explain or avoid the effect, or the apparent import of a writing, may reconcile many, if not all, of the authorities which seem to be in conflict. One of these principles is, that, as in certain classes of cases, the statute of frauds and perjuries requires writing to vest rights; it would be subversive of the policy of the statute, to allow parol testimony to change the legal import of the written evidence of a right adopted; to certify it, therefore, in all such cases, no inferior grade of testimony shall be admitted to supply or control the intrinsic meaning of the writing.
Another principle, and one more universal than the former, in its application, is that, wherever a right is vested, or created, or extinguished, by contract or otherwise, and writing is employed for that purpose, parol testimony is inadmissible, to alter or contradict the legal and common sense construction of the instrument. But that any writing, which neither by contract, the operation of law, nor otherwise, vests or passes, or extinguishes any right, but is only used as evidence of a fact, and not as evidence of a contract or right, may be susceptible of explanation by extrinsic circumstances or facts. Thus a will, a deed, or a covenant in writing, so far as they transfer or are intended to be evidences of rights, cannot be contradicted or opposed in their legal construction, by facts, “ali undi.,‘> But receipts and other writings, which only acknowledge the existence of a simple fact, such as the payment of money for example, may be susceptible of explanation and liable to contradiction by witnesses, .
A party is estopped by his deed. He is not to be permitted to contradict it; so far as the deed is intended to pass a right or to be the exclusive evidence of a contract, it concludes the parties to it. But the principle goes no farther. A deed is not conclusive evidence of every thing which it may contain. For instance, it is not the only evidence of the date of its execution; nor is its omission of a consideration, conclusive evidence that none passed; nor is its acknowledgment of a particular consideration, an objection to other proof of other and consistent considerations. *391 And by Analogy the acknowledgement in a deed, that the consideration had been réceived, is not conclusive of the fact. This is but a fact. And testing it by rationality of the rule which we have laid down, it may be explained or contradicted. It does not necessarily and undeniably prove the fact. It creates no right. It extinguishes none. A release cannot be contradicted or explained by parol, because it extinguishes a pre existing right. But no receipt can have the effect of destroying,per se, any subsisting right. It is only evidence of a fact. The payment of the money discharges or extinguishes the debt;- a receipt for the payment does not pay the debt, it is only evidence that it has been paid. Not so of a written release. It is not only evidence of the extinguishment, J>ut is the extinguisher itself.
The acknowledgement of the payment of the COftsideration in a deed, is a fact not essential to the conveyance. It is immaterial whether the price of the land was paid or not; and the admission of its payment, in the deed, is generally merely formal. But if it be inserted for the purpose of attesting the fact of payment, (as it seldom, if ever, is in this country,) it is not better evidence than a sealed receipt on a separate paper would be; and, as we have already said, it seems to us that it would not be as good, for obvious reasons. The practice of inserting such acknowledgements in deeds, is very common, whether the consideration had been paid or not. “For and in consideration of --- in hand paid,” &c. is a common place phrase, which may be found in deeds generally. And it is. seldom intended as evidence of payment, or for any other practical purpose, except to show the amount of consideration. To establish the'conclusiveness of such loose expressions, therefore, might produce extensive injustice. If a note had been given for the consideration, and afterwards, without payment, a deed be executed for the land, with the common place phraseology in relation to the price, would this be conclusive evidence that the notes had been paid off and discharged? Surely not.
We concur, therefore, with those who have decided that the acknowledgement, on the deed, of the pay- *392 me'nt of the consideration, is only prima facie evidence °f the fact. This was the opinion of the circuit court;
'bhe affidavit of Grubbs, irial*'I<!S an8W
Caperton and Goodloe, for plaintiff; Turner, for defendant.
to the new trial, we have no doubt that there
was ample cause to justify it. If- any surprise will justify a new trial for a plaintiff, that made out by the affidavit in this case; is unquestionably sufficient. The opinions of the circuit court are all sustained by this opinion.
There is, therefore; no error in the record; wherefore the judgment is affirmed.